**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANJIT SINGH,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 14-73211

Agency No. A201-103-862

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2019**
San Francisco, California

Before: SCHROEDER and SMITH, Circuit Judges, and RAKOFF,*** District
Judge.

Manjit Singh, a native and citizen of India and a member of the political

party Shiromani Akali Dal Amritsar ("Mann Party"), petitions for review of the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Board of Immigration Appeals' ("BIA") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review questions of law de novo. *Id.* at 1048.

1. Substantial evidence supports the agency's adverse credibility determination. The agency provided multiple reasons for this determination, including inconsistencies regarding whether or not Singh was abused by the police, a matter that goes to the heart of his claims. *See id.* at 1046-47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). The agency also based its determination on specific, non-credible aspects of Singh's demeanor. *See Ling Huang v. Holder*, 744 F.3d 1149, 1154 (9th Cir. 2014) (finding demeanor observations entitled to special deference). Singh's explanations do not compel a contrary conclusion as to his credibility. *See id.* at 1155-56. In this case, in the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (a petitioner who fails the lower standard of proof for asylum necessarily fails the

2

more stringent standard for withholding of removal). Accordingly, we deny the petition for review as to Singh's asylum and withholding of removal claims.

2. We also deny the petition for review as to Singh's CAT claim because it was based on the same testimony found not credible and the only other evidence that Singh points to in the record, general country conditions evidence concerning police abuse in India, does not compel the conclusion that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to India. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

**PETITION DENIED.**